O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICE GILLETTE, an individual, | ) ) ) | Case No. CV 13-03161 DDP (RZx) |
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| v. | ) ) | |
| PEERLESS INSURANCE COMPANY, a New Hampshire company qualified to do business in California. | ) ) ) ) ) | [Dkt. No. 10] |
| Defendant. | ) ) | |
| _____ | ) | |

    Presently before the court is Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction. Having considered the submissions of the parties, the court denies the motion and adopts the following order.

**I.    Background**

    Patrice Gillette ("Plaintiff"), a California resident, is an employee of Peerless Insurance Company ("Defendant"), a New Hampshire company qualified to do business in California. (Complaint at ¶ 4.) In March 2013, Plaintiff filed a complaint in the California Superior Court in Los Angeles County alleging that

Defendant failed to pay wages, overtime premiums, and meal and rest break premiums. (Id.) The complaint does not specify the amount in controversy. (Id. at ¶ 2.) Defendant calculated the damages to exceed $75,000.00. (Notice of Removal at 4.) On May 3, 2013, Defendant timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) and based on diversity jurisdiction under 28 U.S.C. § 1332(a). (Id.) After removal, Plaintiff offered a declaration limiting her recovery to $74,999.00, subject to the case being remanded to state court. (Declaration of Patrice Gillette at 3.)[1] Plaintiff seeks to remand under 28 U.S.C. § 1447(c) on the grounds that her offer to cap recovery at $74,999.00 defeats subject matter jurisdiction and that Defendant miscalculated the amount in controversy (Id.)

**II.  Legal Standard**

Federal courts have removal jurisdiction over suits filed in state court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). There is a strong presumption against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see Or. Bureau of Labor & Indus. Ex Rel Richardson v. U.S. West Communs., Inc., 288 F.3d 414, 417 (9th Cir. 2002)(stating that federal courts must "strictly construe a removal statute against removal jurisdiction"). Courts resolve doubts about removability in favor of remand. Goldenberg Family Trust v.

---

[1] Though the relevant page of Plaintiff's declaration is numbered as page 3, it is the second page of the filed document and the only page containing any substantive information.

2

Travelers Commercial Ins. Co., CV 11-04312 DDP JEDX, 2011 WL 3648490 (C.D. Cal. Aug. 18, 2011); see also, 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441, a court has removal jurisdiction pursuant to 28 U.S.C. § 1332(a) when there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Where the complaint does not include a particular damages figure, the removing defendant must demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996); see Gaus, 980 F.2d at 567 (finding that the party seeking removal bears the burden of establishing federal jurisdiction if the complaint leaves the amount in controversy unclear or ambiguous).

A court "cannot base [its] jurisdiction on [a] defendant's speculation and conjecture." Lowdermilk v. U.S. Bank Nat'l Ass'n., 479 F.3d 994, 1002 (9th Cir.2007) (citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir.1998)). A removing defendant "may not meet [the] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of $75,000,' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds $75,000." Id. A court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.2003).

**III. Analysis**

    **A. Plaintiff's Post-Removal Declaration Does Not Deprive the District Court of Jurisdiction**

3

In St. Paul Mercury Indem. Co. v. Red Cab Co., the Supreme Court interpreted the removal statute to mean that if a "plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [it will] not deprive the district court of jurisdiction." 303 U.S. 283, 292 (1938). Plaintiff relies on Bailey v. Wal-Mart Stores, 981 F. Supp. 1415, 1416 (N.D. Ala. 1997), to argue that the 1988 Congressional revision of 28 U.S.C. § 1447(c) overturns the longstanding rule articulated in St. Paul Mercury. (Plaintiff's Reply at 4.) Prior to 1988, subsection (c) read:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . .

After the 1988 amendment, and currently, subsection (c) reads:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. §1447(c).

Bailey held that the 1988 amendment of section 1447(c) overturned the previous rule "that events occurring subsequent to removal do not oust the district court's jurisdiction." Id. at 1416 (citing St. Paul Mercury, 303 U.S. at 592). Now, according to the Bailey court, a plaintiff can, at any time before the receipt of a jury verdict, amend its allegations in order to eliminate subject matter jurisdiction, necessitating automatic remand. Id. at 1416-17. Bailey, however, is not the law of this circuit. Even since the 1988 amendment, the Ninth Circuit has consistently held that "post-removal amendments to a complaint cannot divest a court of federal jurisdiction." Hamdy v. Guardsmark, LLC, CV 08-06807 R

4

PLAX, 2009 WL 961375 (C.D. Cal. Apr. 8, 2009; see also Guglielmino v. Mckee Foods Corp., 506 F.3d 696, 705 (9th Cir. 2007)(stating that a "party might file a binding stipulation, prior to removal, that it will not seek more in recovery than the jurisdictional threshold" (emphasis added)); Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) (finding that jurisdiction must be analyzed on the basis of pleadings filed at the time of removal); Williams v. Costco Wholesale Corp, 471 F.3d 975, 976 (9th Cir. 2006) (holding that "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court").

Other circuits that have addressed this issue have also held that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000); see also, Yong Qin Luo v. Mikel, 625 F.3d 772, 776 (2d Cir. 2010) (per curiam)(holding that it is a "well-established rule that a district court's subject matter jurisdiction, once established, is unaffected by post-removal reductions in the amount in controversy" (internal citations omitted)); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 870 (6th Cir. 2000); Hargis v. Access Capital Funding, LLC, 647 F.3d 783, 789 (8th Cir. 2012).

Plaintiff further argues that the fact a federal court can, as condition for remand, insist on a "binding affidavit or stipulation," means that a stipulation limiting damages need not necessarily "exist before removal." (Reply at 5(citing 14AAC.

Wright, A. Miller, & E. Cooper, Federal Practice and Procedure.)) Plaintiff claims that the Supreme Court adopted this reasoning in <u>Standard Fire Ins. Co. v. Knowles</u>, 133 S. Ct. 1345 (2013). The Court in <u>Standard Fire</u> adopted the reasoning by Wright and Miller, stating that "a federal court, as a condition for remand, can insist on a binding affidavit or stipulation that the plaintiff will continue to claim less that the jurisdictional amount." <u>Standard Fire Ins. Co.</u>, 133 S.Ct at 1345 (citing 14AAC. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure). However, in the same paragraph, Wright and Miller further explain that "courts have required that these affidavits or stipulations be executed <u>prior to the notice of removal</u> as a sign of their bona fides and cannot await the motion to remand." § 3702.1 Determination of the Amount in Controversy-Cases Removed from State Court, 14AA Fed. Prac. & Proc. Juris. § 3702.1 (4th ed.)(emphasis added). Moreover, <u>Standard Fire Ins. Co.</u> involved an allegation limiting class action damages in the complaint itself, prior to removal. The Court in <u>Standard Fire</u> did not have before it a post-removal stipulation, nor did it purport to overrule its holding in <u>St. Paul Mercury</u>.

Neither the 1988 amendment of section 1447(c) nor <u>Standard Fire</u> overturns the Supreme Court's interpretation of the removal statute in <u>St. Paul Mercury</u>. A plaintiff may not wait until her case has been removed to federal court to amend her complaint in order to manipulate the basis upon which removal was granted. This longstanding rule is based on the policy that judicial economy, convenience, and fairness are sometimes best served when the federal courts retain jurisdiction. <u>See, e.g.</u>, <u>Harrell v. 20th Century Ins. Co.</u>, 934 F.2d 203, 205-06 (9th Cir. 1991). Any other

6

ruling would enable plaintiffs to, upon the realization that their litigation has taken a sour turn in federal court, use a post-removal damage stipulation to remand their case after the parties and the court have invested extensive time and resources. Thus, Plaintiff's post-removal stipulation to cap her recovery at $74,999.00 does not operate to divest the court of jurisdiction.

### 2. Plaintiff's Declaration Does Not Clarify the Amount in Controversy at the Time of Removal

Plaintiff also argues that her willingness to stipulate to cap her recovery at $74,999.00 operates to clarify the amount of controversy, rather than to reduce or change her initial demand for damages. (Reply at 6.) While under St. Paul Mercury, a plaintiff may not reduce or change her demand for damages by way of stipulation to defeat diversity jurisdiction, the Court did not prohibit post-removal stipulations in their entirety. St. Paul Mercury only prohibits post-removal attempts to defeat federal jurisdiction by stipulation where federal jurisdiction existed at the time of removal. Thus, where a complaint is ambiguous as to the amount in controversy, a plaintiff's post-removal declaration that the amount in controversy was less than $75,000 prior to removal may be sufficient to show lack of jurisdiction. Baldori v. Delta Air Lines, Inc., 1:11-CV-102, 2011 WL 1212069 (W.D. Mich. Mar. 29, 2011).

Courts consider stipulations that clarify the amount in controversy in situations where (1) state pleading rules leave plaintiffs with no other option but to specify an ambiguous amount in controversy in the complaint, or (2) where the stipulation indicates that the amount in controversy at the time of removal

7

fell below the jurisdiction limit. <u>See</u>, <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1329-30 (5th Cir. 1995) (denying plaintiffs' motion to "clarify" their complaint by amendment to seek less than the requisite amount on the ground that the pre-removal damages met the requisite amount); <u>Brooks v. Pre-Paid Legal Services, Inc.</u>, 153 F. Supp. 2d 1299, 11301 (M.D. Ala. 2001)(remanding where plaintiffs "submitted affidavits. . . showing that federal jurisdiction has never properly attached."); <u>Ryan v. Cerullo</u>, 343 F. Supp. 2d 157, 160 (D. Conn. 2004) (finding that a plaintiff's stipulation, "along with [plaintiff's] plausible explanation for how he arrives at an amount in controversy of less than $75,000," clarified his ambiguous statement of damages in accordance to state pleading laws).

Here, Plaintiff's declaration does not arise under either of these situations. Plaintiff was not bound by a state pleading law that would prohibit a specific claim for damages in the complaint. There are no pleading rules for a cause of action under California Labor Code §§226.7, 510, 512, 1194, and 1198 or under California Business and Professional Code §17200 *et. seq.* that would have limited Plaintiff's ability to place a value on her damages in the complaint. Nor does Plaintiff assert that her declaration clarifies the value of her claims at the time of removal. Plaintiff only claims that the declaration is a clarification "because there was no value assigned to her claims in the complaint." (Reply at 3.) Plaintiff does not explain how she determined the amount in controversy to be less than $75,000.00, nor does she allege any facts that show federal jurisdiction never attached to this case.

To the contrary, Plaintiff's willingness to enter into a

binding stipulation 'in exchange for remand' clearly reserves the right to pursue more than $74,999.00 if her case is not remanded to state court. (Reply at 8; Gillette Decl. ¶ 2.)  Therefore, her declaration actually serves to clarify that the amount in controversy exceeds the jurisdictional threshold.  Plaintiff does not claim, nor does she submit any evidence, to show that her damages were actually less than $75,000.00 at the time of removal. Thus, her declaration does not clarify that the amount in controversy was below the jurisdictional limit prior to removal.

      **B.   Defendant Meets its Burden to Establish that the Amount in Controversy Exceeds the Jurisdictional Minimum**

Where a complaint is silent on the amount in controversy, the defendant bears the burden of proof to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th 1996.)  Courts "consider facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)(emphasis added)).

Based on the allegations in the Complaint, Defendant found that Plaintiff worked for more than eight hours a workday or more than 40 hours a week. (Notice of Removal at 3.) Based on Plaintiff's salary, Defendant estimated her approximate average hourly rate to be $43.31 per hour. (Id.) Defendant also estimated that Plaintiff would recover approximately 15 hours of overtime per week based on her previous workers compensation claim. (Id. at 4.)

9

Defendant concluded that Plaintiff's estimated damages total $121,274.40 for unpaid overtime and missed meal and rest periods(not including costs or other penalties). (Id. at 4.) Plaintiff never refutes the method of Defendant's calculations, but argues that Defendant ceased to employ her as of December 2012, and that any damages arising from her employment after that date are not encompassed in this lawsuit against this Defendant. (Reply at pg. 6.) This issue, however, is inconsequential. Even accounting for Plaintiffs objections to the inclusion of the 2013 workweeks in the damage calculations, Defendant still found that Plaintiff worked 64 workweeks during the period of June 2011 through December 2012. (Id. at pg. 5.) Based on a $43.31 per hour pay rate and her asserted average work weeks per hour (neither of which plaintiff disputes), Defendant estimated the damages to be worth $97,026.12. (Id.) Thus, Defendant's calculations show an amount in controversy sufficient to invoke federal jurisdiction.

Plaintiff submits her post-removal declaration to cap her damages bellow $74,999.00 as "summary judgment type" evidence of the amount in controversy. Plaintiff argues that this is the first and only evidence of the amount in controversy. (Reply at 6.) As discussed above, Plaintiff's declaration limiting her damages does not suffice as evidence of the value of the damages at the time of removal. The declaration only shows what Plaintiff will claim as damages on the condition that the case is remanded. Plaintiff alleges no further facts and fails to submit any evidence as to value of her damages prior to removal.

Considering Defendant's calculations of the estimated value of Plaintiff's damages, and the evidence that Plaintiff submitted in

her post-remand papers, including her damages declaration, as "summary judgment type evidence" of the amount in controversy, the court finds, by a preponderance of the evidence, the amount in controversy exceeded the jurisdictional limit at the time of removal.

## IV. Conclusion

For the foregoing reasons, Plaintiff's post-removal offer to stipulate to limit the amount in controversy does not deprive this court of subject matter jurisdiction. Accordingly, Plaintiff's motion for remand is DENIED.

IT IS SO ORDERED.

Dated: July 31, 2013

DEAN D. PREGERSON
United States District Judge